[Civ. No. 9815. First Appellate District, Division Two.—June 13, 1935.]

NATHAN L. LESTER et al., Respondents, v. JOSEPH DOETSCH et al., Appellants.

THOMAS E. PHILLIPS et al., Respondents, v. JOSEPH DOETSCH et al., Appellants.

Tompkins & Tompkins and S. G. Tompkins for Appellants.

Bohnett, Hill & Cottrell for Respondents.

SPENCE, J.—Two actions, which may be referred to herein as *Lester* v. *Doetsch* and *Phillips* v. *Doetsch,* were consolidated for the purpose of trial. The pleadings in said actions asserted the adverse claims of the parties to the waters flowing beneath the surface in Los Gatos Creek in Santa Clara County. In the case of *Lester* v. *Doetsch,* plaintiffs therein asserted their rights both as riparian owners and as appropriators. In the case of *Phillips* v. *Doetsch,* plaintiffs therein asserted their rights as riparian owners. The defendants were the same in both actions and they asserted their rights both as riparian owners and as appropriators. By its judgment, the trial court adjudicated the rights of the parties and issued an injunction against defendants. This appeal is taken by defendants from said judgment.

The controversy arose when defendants changed their point of diversion in the year 1924. For many years prior to that time, both plaintiffs and defendants in the action of *Lester* v. *Doetsch* had maintained pumping plants for the purpose of

obtaining the underground flow. The Doetsch plant was located on the northerly side of the main channel of the creek and about 450 feet above the Lester plant, which last-named plant was located on the opposite side of the main channel of the creek. The width of the entire creek channel was in excess of 1,000 feet and during the dry season of each year there was no visible surface flow of water therein. Each of the pits for the two pumping plants above mentioned was connected with a tunnel or flume running out into the gravel bed. Prior to 1924, each of the plants had pumped all of the water needed for riparian uses as well as for sale to others for use on nonriparian lands. The years 1923 and 1924 were exceptionally dry years in that vicinity and, as a result, there was a lowering of the level of the subsurface waters under the gravel bed. When defendants found themselves unable to obtain the amount of water which they had previously taken, they proceeded to extend their tunnel or flume approximately 150 feet and to erect a new pump at the end of said extension. Said extension was run through a clay bank, impervious to water, which clay bank was located under the gravel bed. The pumping by defendants from the new point of diversion seriously diminished the supply of water available to plaintiffs, and these two actions were brought.

As above indicated, both riparian rights and appropriation rights were involved in said actions. As to the appropriation rights, it is conceded that defendant's predecessors in interest made a valid appropriation in the year 1912 and it is further conceded the plaintiffs named in *Lester* v. *Doetsch* made a valid appropriation in the year 1918. The trial court found, ''That in said channel on the said riparian land of Defendants there is, and at all times has been, a clay bank or clay reef of impervious clay extending generally parallel with the course of the deepest part of the channel and on the east or southeasterly side of said deepest part of said channel. The apex of said clay reef or clay bank is about six feet above the bottom of the cut extension from the tunnel hereinafter mentioned, and about six feet above the level of the bottom of said tunnel constructed by Defendants' predecessor Briggs, and said reef or bank of clay is triangular in shape with a base about 50 feet wide in the course of said cut hereinafter mentioned; that said clay reef or bank divides

the waters when flowing in said creek in their natural flow into two parts or branches, as the waters of said creek flow past the lands of the Defendants, at all times when the waters of said Creek flowing beneath the surface of the ground is below the apex of said clay reef or bank. That said clay bank in said channel extends southerly and westerly beyond the westerly line of said Defendants' land where said Los Gatos Creek enters the said Defendants' land.'' It further found, ''That the water naturally flowing in said creek northerly and westerly of said clay bank, was, prior to said extension of tunnel in 1924, at all times greater than 58.50/ 174.13 of the entire flow of said creek, and said quantity of water was more than sufficient at all times to supply water for all riparian uses on said lands of defendants.''

The trial court found and concluded in effect that as to the riparian rights of the parties, the water flowing in the underground channel lying northerly and westerly of said clay bank or reef was ample for the riparian uses of defendants and that the water flowing in the underground channel lying southerly and easterly of said clay bank or reef was ample for the riparian uses of the plaintiffs. It further found and concluded in effect that the appropriation made by defendants' predecessors in 1912 was confined to the underground channel lying northerly and westerly of said clay bank or reef, and that the appropriation made in 1918 by plaintiffs named in *Lester* v. *Doetsch* was from the channel lying southerly and easterly of said clay bank or reef and, as to said channel, the appropriation by said plaintiffs was prior in right to the attempted appropriation by defendants from said channel in 1924 by means of the extension of their tunnel or flume through said clay bank or reef. The judgment, declaring the rights of the parties and enjoining said defendants from maintaining said extension of their tunnel and from diverting water from said channel on the southerly and easterly side of said clay bank or reef, was therefore entered accordingly.

While defendants challenge the sufficiency of the evidence to support certain findings of the trial court, a review of the record shows that all of the material findings were supported by the evidence introduced and the inferences to be drawn therefrom. There was evidence of the parties as

well as that of expert witnesses and while there were conflicts, we believe that the evidence favorable to plaintiffs was ample to support the findings and judgment.

Defendants devote the major portion of their briefs to a discussion of whether plaintiffs had established a prescriptive right against defendants. We are of the opinion that this discussion is beside the point. Under the facts found by the trial court, it appears that defendants' change of the point of diversion infringed upon the rights of plaintiffs. The rule that a change in the point of diversion may not be made to the injury of others is statutory in this state (Civ. Code, sec. 1412) and is in accord with the great weight of authority. (See 2 Kinney on Irrigation and Water Rights, 2d ed., pp. 1499–1508, and cases cited.)

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.